**WO**                                                                                           NN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| April R. Darling,                               ) | No. CV 05-3394-PHX-EHC |
|                    Plaintiff,                   ) | **ORDER** |
| vs.                                              ) | |
| Michael J. Astrue, Commissioner of  ) <br> Social Security,                          ) | |
|                    Defendant.                ) | |

      Plaintiff's attorney, Eric G. Slepian, filed an *Application for Attorney Fees Under the Equal Access to Justice Act* ("Motion for Attorney Fees") (Dkt. 29) in which he requests $5,851.33 for attorney fees, reflecting 36.30 hours for legal services, and $250 for filing fees, which total $6,101.33. The government filed an *Opposition to Application for Attorney Fees Under the Equal Access to Justice Act* ("Response") (Dkt. 30), and Plaintiff filed a *Reply to Defendant's Opposition to Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act.* ("Reply") (Dkt. 31).

      Under the Equal Access to Justice Act ("EAJA"), the United States is required to reimburse the prevailing claimant for "reasonable fees and expenses of attorneys" in designated civil actions such as the instant case. See 28 U.S.C. § 2412(b) and (d)(1)(A). In establishing what is reasonable, "[a] district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers, but it must

provide enough of an explanation to allow for meaningful review of the fee award." Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001).

The government first argues that counsel should not be compensated for the time he spent preparing four extensions of time because they were for counsel's convenience, not for Plaintiff's benefit. (Response, p. 3). The government refers to seven entries for the preparation of motions and review of the subsequent orders granting the motions. (See Motion for Attorney Fees, Appendix A). Counsel contends the extensions assisted him in "perfecting the appeal." (Reply, p. 6). The total amount of time spent on the motions is *de minimus*.[1] Furthermore, Slepian succeeded in reversing the denial of disability benefits.

The government next argues counsel has not supported his request for 36.30 hours of work he performed,[2] the case was a routine social security disability claim, and many of counsel's itemized services were "redundant and duplicative." (Response, pp. 3-5). The government also contends that an attorney of his experience in the field, and his representation of Plaintiff throughout the administrative proceedings, does not warrant the number of hours requested. (Response, p.4). However, "the expertise of plaintiff's counsel does not make the hours expended unreasonable." Patterson v. Apfel, 99 F.Supp.2d 1212, 1213 (C.D.C.A.2000). Social security cases "are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail." Id. Counsel's claim of 36.30 hours is reasonable.

---

[1] The charge was .2 hours for each motion and .1 hour to review the subsequent order. (See Motion for Attorney Fees, Appendix A).

[2] Counsel has the burden of establishing support for the amount requested. See 28 U.S.C. § 2412(d)(1)(B).

1  Lastly, the Court finds counsel is entitled to the 2007 hourly rate of $168.74[3] for one hour. See Patterson, 99 F.Supp.2d at 1214.[4] Thus, total reimbursement for attorney fees is $6,020.07.

Accordingly,

**IT IS ORDERED** that the Motion for Attorney Fees (Dkt. 29) is **granted.**

**IT IS FURTHER ORDERED** compensating counsel pursuant to the EAJA in the amount of $6,020.07 plus filing fees of $250, for total reimbursement in the amount of $6,270.07.

DATED this 11th day of April, 2008.

*Earl H. Carroll* (signature)

Earl H. Carroll
United States District Judge

---

[3] The hourly rates are not opposed by the government. (See Motion for Attorney Fees, p. 1; Response, p. 5).

[4] Patterson quotes Love v. Reilly, 924 F.2d 1492, 1496 (9th Cir.1991): "[U]nder the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position lacks substantial justification."